UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAYMES PARPARIAM, and
JOHN WILLIAMS, on behalf of
Themselves and on behalf of all others
Similarly situated,

    Plaintiffs,

CASE NO.:

v.

LEGENDS HOSPITALITY, LLC,

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Named Plaintiffs, Jaymes Parpariam, ("Plaintiff Parpariam"), and John Williams, ("Plaintiff Williams"), (collectively "Plaintiffs"), on behalf of themselves and on behalf of all others similarly situated, by and through undersigned counsel, file this hybrid collective / class action Complaint against Defendant, Legends Hospitality, LLC ("Defendant"), and in support of their claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. This is filed as a collective action under 29 U.S.C. § 216(b), and as a class action under Federal Rule of Civil Procedure 23(b)(1), and is brought by and on behalf of persons in Florida who are or have been at some time employed during

the applicable limitations period as tipped concession employees for Legends Hospitality, Inc., a Delaware Corporation with its principal place of business in New York.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. This Court has pendent jurisdiction over the state law claims.

4. Venue is proper in this district, because all of the events giving rise to these claims occurred in Hillsborough County.

## **PARTIES**

5. Plaintiff Parpariam is a resident of Hillsborough County, Florida.

6. Plaintiff Williams is a resident of Hillsborough County, Florida.

7. Defendant operates a service business in Tampa, in Hillsborough County, Florida.

## **GENERAL ALLEGATIONS**

8. Plaintiffs have satisfied all conditions precedent, or they have been waived.

9. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiffs request a jury trial for all issues so triable.

11. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of the FLSA.

13. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

17. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

18. The putative class of similarly situated employees consists of all other tipped concession employees employed by Defendants within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

19. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

## FACTS

20. Plaintiff Parpariam began working for Defendant as a bartender in June 2021.

21. Plaintiff Williams began working for Defendant as a bar back in June 2021.

22. At various times material hereto, Plaintiffs worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for all of their overtime hours at a rate equal to one and one-half times their regular hourly rate.

23. Defendant failed to pay Plaintiffs an overtime premium for all of their overtime hours, in violation of the FLSA.

24. Defendant deducts a percentage of Plaintiffs' pay from their paychecks.

25. Defendant retains all tips paid by customers in credit card transactions.

26. In exchange for Plaintiffs' services, Defendant agreed to pay Plaintiffs a weekly salary plus tips.

27. However, Defendant failed to pay Plaintiffs all wages owed to them, including the tips paid by customers through credit card transactions.

28. Plaintiffs' tips constitute "wages" under federal law, Florida law, the common law, and Fla. Stat. Section 448.08.

29. Defendant's failure to pay Plaintiffs all of their wages, including the tips paid by customers through credit card transactions, was willful.

30. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of tipped concession employees whom Defendants failed to compensate for all overtime hours worked in accordance with the FLSA.

32. Therefore, notice is properly sent to: "All tipped concession employees whom Defendants failed to compensate for all of the overtime hours that they worked from 2018 to the present."

33. The total number and identities of the Class Members may be determined from the records of Defendants, and the Class may easily and quickly be notified of the pendency of this action.

34. Plaintiffs are similar to the Class because they and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

35. Plaintiffs' experience with Defendant's payroll practices is typical of the experience of the Class.

36. Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

37. Overall, Plaintiffs' experience as tipped concession employees who worked for Defendant is typical of the experience of the Class.

38. Specific job titles or job duties of the Class do not prevent collective treatment.

39. Although the issue of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

## **RULE 23 CLASS ACTION ALLEGATIONS**

40. Plaintiffs assert their Rule 23 class claims on behalf of a Putative Class defined as follows:

> **All persons employed by Legends Hospitality, LLC as tipped concessions employees in Florida within four years of the filing of the complaint through the date of final judgment in this action.**

41. Plaintiffs are and have been members of the Putative Class described herein.

42. The number of persons in the Putative Class herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiffs at this time and can only be obtained through appropriate discovery, Plaintiffs are informed and believes, and on that basis alleges, that the Putative Class herein includes over 1,000 persons.

43. Disposition of Plaintiffs' claims in a class action will benefit all parties and the Court.

44. There is a well-defined community of interest presented by the Putative Class herein in that, among other things, each member of the Putative Class has an interest in being paid the tips owed to them, obtaining other appropriate legal relief for the harm of which Plaintiffs complain, and obtaining other adequate compensation for the common damages which Plaintiffs and all other persons similarly situated have suffered as a result of Defendant's actions.

45. Each Class Member herein has performed labor for Defendant at Defendant's request at some time during the Class Period, while the Class' owed tips were unlawfully withheld.

46. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

47. The prosecution of separate actions by individual members of the Putative Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Class which would or may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the Putative Class herein which would, as a practical matter, be dispositive of the interests of other members of the Putative Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

48. Common questions of law and fact exist in this case with respect to the Putative Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

49. At some time during the Class Period, all of the individuals in the Putative Class herein have been employed by Defendant as tipped concession employees and have been unlawfully subjected to a uniform and consistent set of compensation, as described more fully herein.

50. The common questions of fact involved in this case include, without limitation, whether each member of the proposed Class herein have worked hours during the Class Period for which they have not been paid the tips owed to them.

51. The common questions of law involved in this case include, without limitation: (1) whether Class Members performed labor for Defendant; (2) whether Defendant has violated Section 24, Article X of the Florida Constitution as well as Florida Statute § 448.110 by failing to pay its tipped concessions employees the tips owed to them; and, (3) whether Plaintiffs and those other persons similarly situated are entitled to general and/or special damages as a result of any of the legal violations complained of herein, and the nature of such damages.

52. The claims of the named Plaintiffs in this case are typical of those of the other Class Members which they seek to represent, in that, among other things, Plaintiffs and each other Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendant as complained of herein.

53. The claims of the Named Plaintiffs herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiffs seek to represent.

54. The Named Plaintiffs herein will fairly and adequately represent and protect the interests of the members of the Putative Class which they seek to represent. Plaintiffs do not have any interests which are antagonistic to the interests of the Putative Class herein.

55. Counsel for Plaintiffs herein are experienced, qualified and generally able to conduct complex class action legislation.

56. At all times relevant hereto, Section 24, Article X of the Florida Constitution as well as Florida Statute § 448.110 were, and continue to be, in full force and effect, and the Defendant herein was, and continues to be, bound thereby.

57. The relief sought in this action is necessary to restore to members of the Putative Class the money and property which Defendant has illegally acquired through the unlawful treatment of each Class Member as described herein.

58. Plaintiffs intend to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class members are available from Defendant's records.

### **COUNT I – FLSA OVERTIME VIOLATIONS**

59. Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 39 of this Complaint, as fully set forth herein. Plaintiffs bring this action on behalf

of themselves and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

60. During the statutory period, Plaintiffs and the Class worked overtime hours while employed by Defendants, and they were not properly compensated for all of these hours under the FLSA.

61. Defendants failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

62. The Members of the Class are similarly situated because they were all employed by Defendants as tipped concession employees, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay its tipped concession employees for all of the overtime hours that they worked.

63. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

64. All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65. As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendants for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

 (g) Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

 (h) Judgment against Defendants stating that their violations of the FLSA were willful;

 (i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

 (j) All costs and attorney's fees incurred in prosecuting these claims; and

 (k) For such further relief as this Court deems just and equitable.

## **COUNT IV – UNPAID WAGES UNDER FLORIDA COMMON LAW**

66. Plaintiffs reallege and readopt the allegations of paragraphs 1-30 and 40-50 of this Complaint, as though fully set forth herein.

67. Plaintiffs and the putative class they seek to represent worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for their services, including their tips.

68. Defendant failed to pay Plaintiffs all "wages" owed to them, including their tips.

69. As a result of the foregoing, Plaintiffs have suffered damages.

***WHEREFORE***, Plaintiff demands:

 a) A jury trial on all issues so triable;

    b)     Designation of this action as a class on behalf of the Plaintiffs and the prospective Class that they seek to represent;

    c)     Judgment against Defendant for an amount equal to Plaintiffs' and the Class' unpaid back wages at the applicable Florida minimum wage for the class period;

    d)     That process issue and that this Court take jurisdiction over the case;

    e)     Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages;

    f)     All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    g)     For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 29th day of October, 2021.

                                                  Respectfully submitted,

                                          */s/ Brandon J. Hill*
                                          **BRANDON J. HILL**
                                          Florida Bar Number: 0037061
                                          Direct Dial: 813-337-7992
                                          **AMANDA E. HEYSTEK**
                                          Florida Bar Number: 0285020
                                          Direct Dial: 813-379-2560
                                          **WENZEL FENTON CABASSA, P.A.**
                                          1110 N. Florida Avenue, Suite 300
                                          Tampa, Florida 33602

          Main Number: 813-224-0431
          Facsimile: 813-229-8712
          Email: bhill@wfclaw.com
          Email: aheystek@wfclaw.com
          Email: aketelsen@wfclaw.com
          **Attorneys for Plaintiff**